ENTERED
FILED          RECEIVED
LODGED

DEC - 8 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>WALLI MUJAHIDH,<br>  a/k/a FREDERICK DOMINGUE, JR.,<br><br>       Defendant. | NO. CR11-228JLR<br><br>PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Todd Greenberg and Michael Dion, Assistant United States Attorneys, and Defendant, WALLI MUJAHIDH, and his attorneys, Michele Shaw and Lee A. Covell, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.    The Charges.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following offenses:

a.    Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, as charged in Count 1 of the Indictment.

b.    Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), as charged in Count 2 of the Indictment.

1              c.      Unlawful Possession of Firearms, in violation of Title 18,

2     United States Code, Sections 922(g)(1) and 2, as charged in Count 9 of the Indictment.

3             By entering the pleas of guilty, Defendant hereby waives all objections to the form

4     of the charging document.  Defendant further understands that before entering the pleas

5     of guilty, Defendant will be placed under oath.  Any statement given by Defendant under

6     oath may be used by the government in a prosecution for perjury or false statement.

7         2.    Elements of the Offenses.

8              a.      The elements of the offense of Conspiracy to Murder Officers and

9     Employees of the United States, in violation of Title 18, United States Code,

10    Sections 1114(1) and 1117, are as follows:

11        First, Defendant knowingly and intentionally agreed with one or more persons to
          commit the crime of Murder of Officers and Employees of the United States, in
12        violation of Title 18, United States Code, Section 1114(1);

13        Second, the object of the conspiracy was to kill officers and employees of the
          United States and of an agency of the United States Government, while such
14        officers and employees were engaged in, and on account of the performance of,
          their official duties; and to kill other persons assisting such officers and employees
15        in the performance of such duties and on account of that assistance;

16        Third, Defendant entered the agreement intending to further that objective; and

17        Fourth, Defendant or another co-conspirator engaged in an overt act to effect
          the object of the conspiracy.

18
               b.      The elements of the offense of Conspiracy to Use Weapons of Mass
19
      Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and
20
      2332a(a)(3), are as follows:
21
          First, Defendant knowingly and intentionally agreed with one or more persons to
22        commit the crime of Use of Weapons of Mass Destruction, in violation of Title 18,
          United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3);
23
          Second, the object of the conspiracy was to, without legal authority, use a weapon
24        of mass destruction against property that is owned and used by the United States
          and by a department and agency of the United States; and against persons and
25        property within the United States, where a perpetrator traveled in and caused
          another to travel in interstate commerce in furtherance of the offense; and
26
          Third, Defendant entered the agreement intending to further that objective.
27

28

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        c.      The elements of the offense of Unlawful Possession of Firearms, in

2  violation of Title 18, United States Code, Sections 922(g)(1) and 2, are as follows:

3        First, Defendant had previously been convicted of a crime punishable by
   imprisonment for a term exceeding one year;

4        Second, Defendant possessed a firearm; and

5

6        Third, the firearm had been shipped or transported in interstate commerce.

7        3.    <u>The Penalties</u>.

8        a.      Defendant understands that the statutory penalties for the offense of

9  Conspiracy to Murder Officers and Employees of the United States, in violation of

10 Title 18, United States Code, Sections 1114(1) and 1117, are: Imprisonment for any term

11 of years and up to life; a fine of up to $250,000; a period of supervision following release

12 from prison of any term of years and up to life; and a $100 penalty assessment.

13       b.      Defendant understands that the statutory penalties for the offense of

14 Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States

15 Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), are as follows: Imprisonment for any

16 term of years and up to life; a fine of up to $250,000; a period of supervision following

17 release from prison of any term of years and up to life; and a $100 penalty assessment.

18       c.      Defendant understands that the statutory penalties for the offense of

19 Unlawful Possession of Firearms, in violation of Title 18, United States Code,

20 Sections 922(g)(1) and 2 are as follows: Imprisonment for up to ten years; a fine of up to

21 $250,000; a period of supervision following release from prison of up to three years; and

22 a $100 penalty assessment.

23       d.      Defendant understands that in addition to any term of imprisonment

24 and/or fine that is imposed, the Court may order Defendant to pay restitution to any

25 victim of the offense, as required by law.  Defendant further understands that a

26 consequence of pleading guilty may include the forfeiture of certain property, either as a

27 part of the sentence imposed by the Court, or as a result of civil judicial or administrative

28 process.

PLEA AGREEMENT - 3
*United States v. Mujahidh*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         e.     Defendant agrees that any monetary penalty the Court imposes,

2 including the special assessment, fine, costs or restitution, is due and payable

3 immediately, and further agrees to submit a completed Financial Statement of Debtor

4 form as requested by the United States Attorney's Office.

5         f.     Defendant understands that supervised release is a period of time

6 following imprisonment during which he will be subject to certain restrictions and

7 requirements. Defendant further understands that if supervised release is imposed and he

8 violates one or more of its conditions, he could be returned to prison for all or part of the

9 term of supervised release that was originally imposed. This could result in Defendant

10 serving a total term of imprisonment greater than the statutory maximum stated above.

11    4.   <u>Rights Waived by Pleading Guilty</u>.  Defendant understands that, by pleading

12 guilty, he knowingly and voluntarily waives the following rights:

13         a.     The right to plead not guilty, and to persist in a plea of not guilty;

14         b.     The right to a speedy and public trial before a jury of Defendant's

15 peers;

16         c.     The right to the effective assistance of counsel at trial, including, if

17 Defendant could not afford an attorney, the right to have the Court appoint one for

18 Defendant;

19         d.     The right to be presumed innocent until guilt has been established at

20 trial, beyond a reasonable doubt;

21         e.     The right to confront and cross-examine witnesses against Defendant

22 at trial;

23         f.     The right to compel or subpoena witnesses to appear at trial;

24         g.     The right to testify or to remain silent at trial, at which trial such

25 silence could not be used against Defendant; and

26         h.     The right to appeal a finding of guilt or any pretrial rulings.

27 //

28 //

1        5.    <u>United States Sentencing Guidelines.</u> Defendant understands and

2   acknowledges that, at sentencing, the Court must consider the sentencing range calculated

3   under the United States Sentencing Guidelines, together with the other factors set forth in

4   Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances

5   of the offense; (2) the history and characteristics of the defendant; (3) the need for the

6   sentence to reflect the seriousness of the offense, to promote respect for the law, and to

7   provide just punishment for the offense; (4) the need for the sentence to afford adequate

8   deterrence to criminal conduct; (5) the need for the sentence to protect the public from

9   further crimes of the defendant; (6) the need to provide the defendant with educational

10   and vocational training, medical care, or other correctional treatment in the most effective

11   manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;

12   and (9) the need to avoid unwarranted sentence disparity among defendants involved in

13   similar conduct who have similar records.  Accordingly, Defendant understands and

14   acknowledges that:

15        a.    The Court will determine Defendant's applicable Sentencing

16   Guidelines range at the time of sentencing;

17        b.    After consideration of the Sentencing Guidelines and the other

18   factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to

19   the maximum term authorized by law;

20        c.    The Court is not bound by any recommendation regarding the

21   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

22   range offered by the parties, or by the United States Probation Department; and

23        d.    Except as provided in Paragraph 9 below, Defendant may not

24   withdraw his guilty plea solely because of the sentence imposed by the Court.

25        6.    <u>Ultimate Sentence.</u> Defendant acknowledges that no one has promised or

26   guaranteed what sentence the Court will impose.

27   //

28   //

PLEA AGREEMENT - 5
*United States v. Mujahidh*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.   <u>Statement of Facts</u>.  Defendant admits he is guilty of the offense.  In support of Defendant's guilty plea and sentencing, the parties agree that the Court should consider the following:

a.      Beginning in or before May 2011, Defendant Walli Mujahidh agreed with Abu Khalid Abdul-Latif to kill United States military personnel in retribution for perceived wrongs committed by the United States military in the Middle East, and to prevent additional troops from going to the Middle East.  The specific object of the conspiracy was to kill officers and employees of the Department of Defense who worked at the Military Entrance Processing Station ("MEPS") located in the Federal Center South building at 4735 East Marginal Way, Seattle, Washington, and to kill other persons assisting such officers and employees in the performance of their duties, including the security personnel at the Federal Center South building.

b.      The Department of Defense operates numerous MEPS throughout the United States.  Applicants seeking to join one of the branches of the United States Military, including the Army, Navy, Air Force, and Marines, apply through and are processed at a MEPS.  A MEPS is staffed by United States Military personnel and other federal civilian employees.  The Federal Center South building is owned and operated by the United States Government, General Services Administration.  In addition to the MEPS, this building houses a variety of other United States Government agencies and offices, as well as a child care center that is located immediately adjacent to the MEPS.

c.      During early June 2011, while living in Los Angeles, California, Mujahidh engaged in several telephone conversations and exchanged numerous text messages with Abdul-Latif and a confidential source who was working with law enforcement.  During these communications, Mujahidh expressed his desire to participate in the conspiracy and confirmed his commitment to the plan.  For example, on June 6, 2011, Mujahidh spoke with Abdul-Latif over the telephone in the presence of the confidential source.  They discussed the general nature of the conspiracy, including the need to acquire firearms for use in the attack, and their plan to train with the firearms in

PLEA AGREEMENT - 6
*United States v. Mujahidh*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   advance of the attack. During this conversation, Mujahidh assured Abdul-Latif that he

2   was committed to carrying out the attack. On June 9, 2011, Mujahidh sent a text message

3   to the confidential source stating, "Allah grant us success in w[h]at we go forth to accomplish."

4            d.       On June 14, 2011, Abdul-Latif spoke with Mujahidh over the

5   telephone in the presence of the confidential source. They arranged for Mujahidh to

6   travel via bus from Los Angeles to Seattle on June 20-21, 2011, for the purpose of

7   training for and carrying out the attack on the MEPS. Thereafter, Mujahidh traveled to

8   Seattle as planned, arriving during the afternoon of June 21, 2011.

9            e.       During the late afternoon and evening on June 21, 2011, Mujahidh

10  and Abdul-Latif met with the confidential source and further discussed the details of their

11  planned attack on the MEPS, including that they intended to use machineguns and

12  grenades during the attack. The confidential source agreed to acquire weapons for use

13  during the attack, including firearms, magazines, ammunition, and grenades. During the

14  meeting, Mujahidh stated, "Why don't we all just go into there [the MEPS] with guns

15  blazing, and just lay everybody down. They're all *kaffirs* anyway. Just lay everybody

16  down. And we all just make our way around here [the hallway] together. And whoever

17  gets laid down, gets laid down." MUJAHIDH later described what he planned to do

18  during the attack: "This is what I'm gonna do: I'm gonna post guard. I'm gonna come in,

19  pop-pop the security guard. Run into the cafeteria, lay everybody down in there. Pop-

20  pop-pop-pop. 'Get on the ground, get on the ground, get on the ground!' And these

21  offices right here, pop-pop-pop-pop." Regarding the use of grenades during the attack,

22  Mujahidh stated, "When you throw the grenade, you want to drop flat to the ground."

23           f.       On June 22, 2011, Mujahidh and Abdul-Latif met with the

24  confidential source to take possession of the machineguns that they intended to use during

25  the attack. During the meeting, Mujahidh and Abdul-Latif handled and inspected the

26  machineguns. Mujahidh practiced aiming and firing one of the machineguns, in both a

27  standing and kneeling position. Moments later, Mujahidh and Abdul-Latif were arrested

28  by FBI agents.

PLEA AGREEMENT - 7
*United States v. Mujahidh*, CR11-228JLR

. UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       g.      The firearms that Mujahidh and Abdul-Latif handled and inspected
2   on June 22, 2011, consisted of a Colt M16A1, 5.56 mm caliber assault rifle, with serial
3   number 9463259; a Colt M16A1, 5.56 mm caliber assault rifle, with serial number
4   9574856; and a Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9396093.
5   Each of these firearms was a "machinegun" as defined by federal law, and each was
6   manufactured outside of Washington State, and therefore traveled to Washington in
7   interstate or foreign commerce.  A grenade is a "destructive device" and a "weapon of
8   mass destruction" as defined by federal law.

9       h.      Mujahidh had been convicted of a crime punishable by imprisonment
10  for a term exceeding one year, that is, Petty Theft with Prior Convictions, in Riverside
11  County Superior Court, Case No. RIF104247, on or about October 16, 2002.

12      i.      The parties agree that the Court is free to consider any and all
13  additional facts contained in the Presentence Report and/or that may be presented by the
14  United States or Defendant at the time of sentencing.  The parties specifically agree that
15  the Court should consider as true the facts contained in the Amended Complaint filed in
16  case number MJ11-292, and that the Court should consider Defendant's post-arrest
17  statements to law enforcement officers on June 22, 2011.

18      8.  Sentencing Factors.  The parties agree that the following Sentencing
19  Guidelines provisions apply to this case:

20      a.      As to Count 1, a base offense level of 33, pursuant to USSG § 2A1.5(a).

21      b.      As to Count 2, pursuant to the cross-reference provision at
22  USSG § 2K1.4(c)(1), the base offense level should be calculated under USSG § 2A1.5(a),
23  because the offense was intended to cause death and serious bodily injury.

24      c.      As to both Count 1 and Count 2, a six-level upward adjustment,
25  pursuant to USSG § 3A1.2(b), because the intended victims of the offenses were
26  government officers and employees, the offenses of conviction were motivated by such
27  status, and the applicable Chapter Two guidelines for these offenses is from Chapter Two,
28  Part A (Offenses Against the Person).

PLEA AGREEMENT - 8
*United States v. Mujahidh*, CR11-228JLR

1          d.      As to both Count 1 and Count 2, a twelve-level upward adjustment,

2   pursuant to USSG § 3A1.4(a), because the offenses are felonies that involved, and were

3   intended to promote, a federal crime of terrorism.

4          e.      As to Count 9, a base offense level of 20, pursuant to

5   USSG § 2K2.1(a)(4)(B), because the offense involved a machinegun and the defendant

6   was a prohibited person at the time of the offense; a two-level upward adjustment

7   pursuant to USSG § 2K2.1(b)(1)(A), because the offense involved three firearms; and a

8   four-level upward adjustment pursuant to USSG § 2K2.1(b)(6), because the defendant

9   possessed the firearms in connection with the felony offenses in Counts 1 and 2.

10          f.      Pursuant to USSG § 3A1.4(b), the defendant's criminal history

11   category shall be VI, because Count 1 and Count 2 are felony offenses that involved, and

12   were intended to promote, a federal crime of terrorism.

13          g.      The United States acknowledges that if Defendant qualifies for an

14   acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense

15   level is sixteen or greater, his total offense level should be decreased by three levels,

16   pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by

17   timely notifying the authorities of Defendant's intention to plead guilty, thereby

18   permitting the United States to avoid preparing for trial and permitting the Court to

19   allocate its resources efficiently on factors set forth in the United States Sentencing

20   Guidelines, including Section 3E1.1.

21          h.      The parties agree that they are free to argue the application of any

22   other provisions of the United States Sentencing Guidelines.  Defendant understands that

23   at the time of sentencing, the Court is free to reject the above stipulated adjustments, and

24   is further free to apply additional downward or upward adjustments in determining

25   Defendant's Sentencing Guidelines range.  Defendant may not withdraw his guilty plea

26   solely because of the sentencing factors applied by the Court.

27   //

28   //

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      9.     Agreement as to Sentencing Recommendation. Pursuant to

2 Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge

3 and agree that the appropriate sentence to be imposed by the Court at the time of

4 sentencing is as follows:

5          a.     As to Count 1 and Count 2, a sentence of imprisonment within the

6 range of 27-32 years (324-384 months); a term of supervised release for life; no fine; and

7 a $100 penalty assessment.

8          b.     As to Count 9, a sentence of imprisonment of ten years; a term of

9 supervised release of three years; no fine; and a $100 penalty assessment.

10          c.     The sentences on Count 1, Count 2, and Count 9 shall be run

11 concurrently.

12      If the sentencing court rejects any aspect of the above agreement of the parties

13 with regard to the appropriate sentence, both Defendant and the United States reserve the

14 right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules

15 of Criminal Procedure and to proceed to trial. No other agreement has been made with

16 regard to the imposition of the sentence in this matter, and the parties understand that the

17 Court retains full discretion with regard to the imposition of the conditions of supervised

18 release and restitution as may be applicable.

19      10. Recommendations to Bureau of Prisons. Defendant will request that the

20 Court's judgment contain recommendations that Defendant be incarcerated at FCI

21 Victorville and that he not be incarcerated at an Administrative Maximum (ADX)

22 facility. The government will take no position at the time of sentencing and will defer to

23 the placement decisions made by the Bureau of Prisons.

24      11. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the

25 United States Attorney's Office for the Western District of Washington agrees to dismiss

26 Count 7 of the Indictment at the time of sentencing, and not to prosecute Defendant for

27 any additional offenses known to it as of the time of this Agreement that are based upon

28 evidence in its possession at this time, or that arise out of the conduct giving rise to this

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   investigation. In this regard, Defendant recognizes that the United States has agreed not

2   to prosecute all of the criminal charges that the evidence establishes were committed by

3   Defendant solely because of the promises made by Defendant in this Agreement.

4        Defendant acknowledges and agrees, however, that for purposes of preparing the

5   Presentence Report, the United States Attorney's Office will provide the United States

6   Probation Office with evidence of all relevant conduct committed by Defendant.

7        Defendant agrees and acknowledges that any charges to be dismissed before or at

8   the time of sentencing were substantially justified in light of the evidence available to the

9   United States, were not vexatious, frivolous or taken in bad faith, and do not provide

10  Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No.

11  105-119 (1997).

12       12.   _Waiver of Appeal_. As part of this Plea Agreement and on the condition that

13  the Court imposes a custodial sentence that is within or below the Sentencing Guidelines

14  range that is determined by the Court at the time of sentencing, Defendant waives to the

15  full extent of the law:

16       a.   any right conferred by Title 18, United States Code, Section 3742 to appeal

17            the sentence, including any restitution order imposed; and

18       b.   any right to bring a collateral attack against the conviction and sentence,

19            including any restitution order imposed, except as it may relate to the

20            effectiveness of legal representation.

21  Furthermore, this waiver does not preclude Defendant from bringing an appropriate

22  motion pursuant to 28 U.S.C. 2241, to address the conditions of confinement or the

23  decisions of the Bureau of Prisons regarding the execution of  sentence.

24       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

25  attacking (except as to effectiveness of legal representation) the conviction or sentence in

26  any way, the United States may prosecute Defendant for any counts, including those with

27  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

28  Agreement.

PLEA AGREEMENT - 11
*United States v. Mujahidh*, CR11-228JLR

1       13.    <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if

2 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

3 Agreement and Defendant may be prosecuted for all offenses for which the United States

4 has evidence. Defendant agrees not to oppose any steps taken by the United States to

5 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

6 Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement,

7 Defendant has waived any objection to the re-institution of any charges in the Indictment

8 that were previously dismissed or any additional charges that had not been prosecuted.

9       Defendant further understands that if, after the date of this Agreement, Defendant

10 should engage in illegal conduct, or conduct that is in violation of conditions of

11 (examples of which include, but are not limited to: obstruction of justice, failure to appear

12 for a court proceeding, criminal conduct while pending sentencing, and false statements

13 to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the

14 United States is free under this Agreement to file additional charges against Defendant or

15 to seek a sentence that takes such conduct into consideration by requesting the Court to

16 apply additional adjustments or enhancements in its Sentencing Guidelines calculations in

17 order to increase the applicable advisory Guidelines range, and/or by seeking an upward

18 departure or variance from the calculated advisory Guidelines range. Under these

19 circumstances, the United States is free to seek such adjustments, enhancements,

20 departures, and/or variances even if otherwise precluded by the terms of the plea

21 agreement.

22       14.    <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by

23 the Court for any reason, or Defendant has breached any of the terms of this Plea

24 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

25 the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea

26 Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea

27 Agreement by Defendant is discovered by the United States Attorney's Office.

28

PLEA AGREEMENT - 12
*United States v. Mujahidh*, CR11-228JLR

1     15.    <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this

2   Plea Agreement freely and voluntarily, and that no threats or promises, other than the

3   promises contained in this Plea Agreement, were made to induce Defendant to enter the

4   pleas of guilty.

5     16.    <u>Completeness of Agreement</u>. The United States and Defendant

6   acknowledge that these terms constitute the entire Plea Agreement between the parties.

7   This Agreement binds only the United States Attorney's Office for the Western District of

8   Washington. It does not bind any other United States Attorney's Office or any other

9   office or agency of the United States, or any state or local prosecutor.

10     Dated this __8th__ day of __DECEMBER__, 2011.

11

12

13                           WALLI MUJAHIDH
                          Defendant

14

15

16                           Michele Shaw
                          Attorney for Defendant

17

18

19                           Lee A. Covell
                          Attorney for Defendant

20

21                           Todd Greenberg

22                           Assistant United States Attorney

23

24

25                           Michael Dion
                          Assistant United States Attorney

26

27

28